IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:24-cr-00182

AARON LEE MITTER

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion for Revocation of Magistrate Judge Tinsley's Detention Order and for Reconsideration for Bond, [ECF No. 19]. After reviewing the record and carefully considering the parties' arguments, the court **DENIES** the defendant's motion and **ADOPTS** the Magistrate Judge's Order.

I. Background

On November 5, 2024, the United States filed a two-count indictment against the defendant, Aaron Lee Mitter. [ECF No. 1]. The indictment alleges that the defendant knowingly and intentionally distributed a quantity of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and that the defendant knowingly used and carried an "AK-style privately made firearm" during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* The United States moved for a detention hearing on November 7, 2024, the same day the defendant was arrested. [ECF No. 6]. On November 14, 2024, the Magistrate Judge held an arraignment and detention hearing. [ECF No. 14].

At the detention hearing, defense counsel made a proffer on the defendant's behalf. [ECF No. 14]. The defendant had been accepted to Recovery Point, a drug abuse treatment facility in Huntington, WV, where there would be an open bed on December 11, 2024. Defendant asked the court to order his release for noon on that day so that his fiancé could take him to Recovery Point.

The United States, invoking the rebuttable presumption in favor of detention, argued the following by proffer. The defendant had already been a resident of Recovery Point in Parkersburg, WV, but did not benefit from the treatment. The defendant had a criminal history which included a felony conviction and a misdemeanor conviction for domestic battery. The defendant had a history of failing to appear and warrants had been issued in the past to compel his appearance. Defendant's alleged criminal conduct also included a firearm, and even though he was not charged for being a prohibited person, the United States emphasized the seriousness of the charges.

The Magistrate Judge considered the defendant's criminal history, personal characteristics, and serial nonappearances before different courts. Under the detention factors of 18 U.S.C. § 3142(g), the Magistrate Judge found that there were no conditions or combination of conditions that would reasonably assure the defendant's release back into the community. [ECF No. 15].

The issue before the court is whether, by clear and convincing evidence, any condition or combination of conditions would reasonably assure the safety of any other person and the community.

## II. Legal Standard

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). "If a person is ordered detained by a magistrate judge, . . . [the defendant] may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). When a defendant seeks the review of a Magistrate Judge's order of detention, the district court must conduct a *de novo* review. *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985); *United States v. Stewart*, 19 Fed. App'x. 46, 48 (4th. Cir. 2001).

The district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990); *accord United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988) ("The district court must conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary."). Additionally, "the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence

is offered that was not before the magistrate." *Koenig*, 912 F.2d at 1193; *accord United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) (The court is not required to conduct a hearing, but it is required "to exercise independent consideration of all facts properly before it."); *see also Williams*, 753 F.2d at 334 ("[I]n most cases, a trial court's review of a transcript of proceedings would . . . as part of a review of a detention order under 18 U.S.C. § 3145(b) be sufficient to withstand appellate review.").

### III. Discussion

If the court finds no condition or combination of conditions will "reasonably assure the appearance of the person as required and the safety of any other person and the community," the defendant must be detained. 18 U.S.C. § 3142(e). In making this determination, a court must consider specific factors set forth in 18 U.S.C. § 3142(g). These factors include (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person" including, among other factors, physical and mental condition, family ties, community ties, employment, financial resources, past conduct, criminal history, and record concerning appearance at court proceedings, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g). Lack of reasonable assurance of "either the

defendant's appearance or the safety of others or the community" is sufficient, but both are not required. *Stewart*, 19 Fed. App'x. at 48.

First, the nature and circumstances of the charged offenses include the selling of guns and drugs. Distributing methamphetamine and carrying an "AK-style" firearm in relation to that drug trafficking, as the United States alleges, is a serious crime with the potential for violence to both the community and others engaged in that illicit activity. Even further, the United States alleges that the defendant sold a privately made "AK-style" firearm to a confidential informant. [ECF No. 23]. After a search of the defendant's residence, agents found "additional methamphetamine, drug paraphernalia, numerous firearm parts, tools used to manufacture firearms, a drill press, and a 3D printer, presumably used to manufacture firearm parts." *Id.* at 4. The nature and circumstances of the charged offenses favor detention.

Similarly, the alleged evidence against the defendant favors detention. In addition to the above-mentioned items found at the defendant's residence, the defendant admitted to selling methamphetamine and the privately made firearm. *Id.*

Third, the defendant has a criminal record and history of nonappearance. The defendant has pled guilty to separate charges of Breaking and Entering and Domestic Battery. The defendant has also pled guilty to two drug-related offenses, CDS (Controlled Drug Substance) Administrative Equipment Possession/Distribution and Distribution/Possession with the Intent to Distribute a Fake Controlled Substance. The defendant has also failed to appear twice, and warrants were issued to assure

his appearance. The defendant's criminal history and record of nonappearance favor detention.

Fourth, the defendant's release would be a danger to the community. The United States alleges, and the defendant admitted, that he had sold methamphetamine. Though not charged, the evidence suggests that the defendant had the ability to build firearms. The defendant also admitted to selling a privately made firearm. Given the danger posed by drugs and guns in our community, especially in concert, it cannot be said that the defendant's release would not pose a danger to the community.

The defendant's arguments for review of the Magistrate Judge's determination also fail persuade. The defendant offers no new information that was not before the Magistrate Judge. Instead, the defendant argues two things: (1) that the Magistrate Judge erroneously relied on a wrong date of a previous arrest and (2) the defendant's bed at Recovery Point became available on December 9, 2024, two days earlier than the date before the Magistrate Judge. [ECF Nos. 19, 27].

Neither change my analysis of the § 3142(g) factors. At the hearing before this court, the parties clarified that neither objected to the pre-trial services report that had contained an error in the date of a prior arrest. [ECF No. 28]. The error also does not change the defendant's criminal history or failures to appear. Similarly, the early availability of a bed at Recovery Point does not alter the nature of the charged

6

offenses, especially after the defendant had participated in a previous Recovery Point program to no avail.

## IV. Conclusion

I **FIND** by clear and convincing evidence that no condition or combination of conditions could protect the safety of other persons and the community. I **DENY** the defendant's Motion, [ECF No. 19], and **ADOPT** the Magistrate Judge's Order, [ECF No. 15].

Accordingly, the court **ORDERS** that the defendant continue to be detained pending trial. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:　　December 11, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE